## COMMERCIAL CREDIT CO v M & M CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10049. Decided Dec 9, 1929

Cannon, Spieth, Taggert, Spring & Annat, Cleveland, for Credit Co.

Smith, Olds, Smith & Shepard, Cleveland, for M & M Co.

LEVINE, J.

1. It is conceded that the written contract entered into by The A-C Electrical Mfg. Co., and defendant made no mention of the deductions and credits claimed by the defendant company. The claim of the defendant is based upon alleged verbal modification of a written agreement heretofore entered into between the parties, by virtue of which modification the defendant was to have the option to make settlement with The A-C Electrical Mfg. Co., of any and all bills for merchandise sold to it on one of the two folowing plans:

"This defendant might keep any such merchandise and pay therefor 60% of the price thereof as charged to this defendant by said The A-C Electrical Mfg. Co., or this defendant might, at its option, return any such goods, wares and merchandise that it had purchased of The A-C Electrical Mfg. Co., and pay to said company 10% of the net scheduled price thereof, the same, together with the return of such goods, to be in full of any and all claims and demands for the goods, wares and merchandise covered by such transactions."

The perusal of the record discloses that there was some such arrangement between The A-C Electrical Mfg. Co. and the defendant, covering prior seasons. The plaintiff contends that there was no such arrangement as to merchandise sold during the 1926-1927 season. It admits that there had been some such arrangement prior to that season but it is claimed that that was a special agreement relating to the particular season. The written contract covering the 1926-1927 season was

entered into after the so-called modification covering prior seasons took place.

There is, in our opinion, particular strength in the argument of plaintiff that had it been the intention of the parties that the terms comprised in the modification agreement covering prior seasons were to be held good for the 1926-1927 season, that the same would have been expressly incorporated in the written contract relating to the 1926-1927 season. The omission of the terms of the modification agreement covering prior seasons, from the written contract upon which the suit is based, is in our opinion a most powerful circumstance which weakens the whole structure of the defense.

Weighing the case in the light of probability, it seems to us that the judgment of the common pleas court is manifestly against the weight of the evidence.

2. It appears from the record that during the midst of the trial the plaintiff moved for leave to withdraw a juror and to continue the case on the ground that it was taken by surprise which it could not foresee by the exercise of reasonable prudence. Evidence was offered by defendant relating to the modification agreement. The president of the defendant company testified that he had made such arrangement for the alleged credits with Mr. C. H. Bosler. Counsel for plaintiff informed the court that prior to the trial he had made inquiry as to who the particular officer of The A-C Electrical Mfg. Co. was who participated in this arrangement or modification agreement; that he could not get any information from defendant's counsel; that he made the best independent inquiry he possibly could and was led to believe that whatever conversations were had between the defendant company officials and the representative of The A-C Electrical Mfg. Co., were had with Mr. Barrett K. Bosler. Accordingly Mr. Barrett K. Bosler was brought to Cleveland from Binghamton, N. Y., and was present at the trial so that he might meet such testimony as the defendant offered in regard to the so-called modification agreement.

The testimony of the president of the defendant company was to the effect that this arrangement was made not with Barrett K. Bosler, but his father, Mr. C. H. Bosler. Counsel for plaintiff accordingly requested the withdrawal of a juror and the continuation of the case because it was impossible to get Mr. C. H. Bosler to testify by way of refuting the defendant's claim because he lived at Tulsa, Okla. The court overruled the motion. We are of the opinion that the action of the trial court constituted in law an abuse of discretion. The court having been apprised that counsel for plaintiff was taken by surprise and pointing out as counsel did the materiality of the testimony of C. H. Bosler, it became the duty of the court to grant the motion so as to afford plaintiff an opportunity to refute the evidence of the president of the defendant company.

3. As against the objection of plaintiff, a letter bearing date of July 28, 1926, and purported to have been written by The A-C Electrical Mfg. Co. to The M. & M. Co., was admitted in evidence. This letter dealt with the matter of credits to be allowed The M. & M. Co. Counsel for plaintiff objected to the letter on the ground that there was no showing that the particular orders enumerated in the letter were any of the orders which were included in the merchandise which furnishes the basis of this action. Counsel for defendant thereupon stated to the court that it is very evident that the letter could not relate to the orders involved in the present case because the letter was written several months before the orders were given but the same was introduced merely to establish the course of conduct between the parties.

In view of this admission by counsel for defendant, we hold that the admission of the letter in evidence constituted prejudicial error as it tends to confuse the jury. We are not of course interested in the general course of conduct between the parties. Under the issue as presented in the pleadings, the question to be determined was whether this arrangement as to credits was by special agreement made applicable to and constituted a modification of a written agreement between the parties covering the 1926-1927 season. Upon these various grounds above set forth we hold that there was prejudicial error substantially affecting the rights of the plaintiff.

The judgment of the common pleas court is therefore ordered reversed and the cause is remanded for further proceedings according to law.

Vickery, PJ., and Sullivan, J., concur.