SUPERIOR METAL PRODUCTS, INC., APPELLEE, *v.* MODERN MOTOR EXPRESS, INC., APPELLANT.

(No. 27650—Decided March 31, 1966.)

Messrs. *Calfee, Fogg, McChord & Halter*, for appellee.
Mr. *Frank K. Levin*, for appellant.

CORRIGAN, P. J. This appeal is before us on questions of law from a judgment entered in the Municipal Court of Cleveland against defendant in the sum of $517.40.

The action by a metal fabricating company against a trucking company, a common carrier, was for money damages in the sum of $637.60 arising from alleged failure of defendant to deliver safely and in good condition a shipment of coiled and sheet steel sent from Cleveland to the plaintiff in Lima, Ohio. Six of the coils included in such shipment were allegedly damaged by rust and moisture in transit.

A cross-petition was filed by defendant for its unpaid freight bill of $90.66. The case was tried to the court without a jury. A finding was made for plaintiff for $573.60 on the petition against the defendant, and a finding was also made on the cross-petition for defendant in the sum of $56.20. Judgment was then rendered for the difference.

Nine claims of error are assigned by defendant, appellant herein. We find no merit to assignments one, two, four, eight and nine.

It is asserted in assignment of error number three that the finding and judgment of the Municipal Court is contrary to law.

Assignment number five charges that the court erred in overruling defendant's objections to depositions in the middle of trial.

Assigned as error number six is the action of the trial court in suspending the trial and permitting depositions to be taken at Lima, Ohio, after the plaintiff had closed his case.

The seventh assignment of error is to the effect that the court erred in permitting depositions taken at Lima, Ohio, in the middle of the trial to be filed and read into evidence over the defendant's objections.

We will consider these four claims of error together. It is noted that this case had been pending in the court below since May 1964. It was on for trial on June 3, 1965. At the end of that trial day plaintiff concluded its testimony and rested. The bill of exceptions discloses the following colloquy between counsel and the court, when the court reconvened the next morning:

"Mr. Ogle: Your Honor, the plaintiff is requesting a re-

cess in this case to give me the opportunity to take depositions of two witnesses in Lima, Ohio, namely, Dean Adams and Mr. W. R. Smith, both of whom were, in my understanding, involved with Safeway Trucking at the time of the delivery in this action, and I have been advised by Mr. Leo Hawk, who was here yesterday, that he has contacted these two people last night and that they have critical testimony relating to the delivery of this merchandise and the condition in which it was delivered.

"The Court: Could you get them in here this morning?

"Mr. Ogle: We could not get them in here this morning. Mr. Adams was unwilling to come from Lima, and Mr. Smith was unable to get to Cleveland this morning.

"Mr. Levin: Your Honor, I object to any continuance to take anyone's deposition at this time. The case has been in trial for a full day.

"* * *

"I object to this.

"The Court: Well, in view of the testimony put on so far by the defendant in which there is a denial of the delivery slip by which they are basing their case, part of the basis, I think in furtherance of justice I will grant their request.

"So you have your exception.

"* * *

"(Adjournment was had at 9:50 a. m., to reconvene, pursuant to notice to counsel.)"

The record reflects that the trial was resumed at 9:30 a. m. on August 16, 1965, as follows:

"Mr. Ogle: At this time I request that the depositions that were taken in Lima, Ohio, be opened and read into the record.

"I request also the opportunity to read those depositions since I have not had that opportunity.

"Mr. Levin: I object to the reading of the depositions in this case for the reason of the Ohio Revised Code, R. C. 2319.26 says, every deposition intended to be read in evidence on the trial must be filed at least one day before the day of trial.

"* * *

"This deposition wasn't taken one day before trial and wasn't filed one day before trial.

"The Court: Objection overruled. Mr. Ogle, are you going to read it now?

4

"Mr. Ogle: Should I read them through now?

"The Court: Yes."

Thereupon the depositions of Dean Adams and Wellington R. Smith, taken on June 14, 1965, in Lima, Ohio, were read into the record.

The depositions show that objection by counsel for defendant was made at the deposition hearing as follows:

"By Mr. Levin: We object to the depositions of Mr. Adams or any other witnesses in this case being taken because it is beyond the date of taking depositions in this case. In order for the depositions to be read in evidence at the trial, it must be filed with the Clerk of Courts at least one day before the date of the trial. It is obvious that this deposition couldn't be filed with the Clerk of Courts one day before the date of trial taken at this late date.

"We object to the taking of the depositions and we want the record to show our objection."

At the conclusion of the reading of the depositions, the trial continued with other witnesses.

Section 2319.26, Revised Code, provides:

"Every deposition intended to be read in evidence on the trial must be filed at least one day before the day of trial."

Counsel for the plaintiff argue in their brief that, where a party is taken by surprise by material testimony produced by its adversary, it is clearly within the discretion of the trial court to continue the hearing of the case for the purpose of allowing the surprised party to prepare to meet the new situation by the taking of depositions. In support of their contention they cite *Commercial Credit Co.* v. *M. & M. Co.*, 8 Ohio Law Abs. 221, and *Nicholas* v. *Yellow Cab Co.*, 116 Ohio App. 402. It is argued in connection with the *Nicholas case* that the reviewing court demonstrated the flexibility of the statutory rule set forth in Section 2319.26, Revised Code, by upholding the trial court's action in that case in granting the continuance and admitting the deposition into evidence as being within the sound exercise of judicial discretion.

However, an examination of the opinion in the *Nicholas case* discloses that such was not the holding of the Court of Appeals. The opinion states, at page 406, that "* * * The record clearly shows that the plaintiff was given the choice of having

a mistrial declared and the case returned to the assignment room for reassignment at a later date or taking the deposition of the witness then confined in the hospital. The claim of the defendant that it had not been negligent in believing the witness would be available for trial until it was too late was supported by an affidavit filed with the motion and the testimony of one witness. The testimony of such witness and the affidavit filed with the motion are not a part of the record or contained in the bill of exceptions as certified to by the court. It must be presumed that the court did not abuse its discretion in granting the short continuance and permitting the presentation of the testimony of the only fact-witness of the defendant, whose testimony is contained in the bill exceptions. Therefore, without the record of the evidence upon which the court acted in granting the motion for a continuance, a claim of error based on the granting of such motion must be overruled.''

Counsel for the plaintiff in the *Nicholas case* assented to the taking of the deposition rather than have the court declare a mistrial. In our instant case this is not the situation. Counsel for defendant vigorously objected to the continuance for the taking of the depositions and to the introduction of the depositions. The trial court here could have declared a mistrial and continued the case if it was felt that the interests of justice demanded such a course. But the trial court did not take that course. Rather, the trial was recessed to permit the taking of the depositions. Such a course was not within the trial court's discretion. There is no discretion vested in the trial court in connection with the provisions of Section 2319.26, Revised Code. Its provisions are mandatory.

Similarly, a review of the opinion in the *Commercial Credit case* reveals that the Court of Appeals did not hold that it was within the discretion of the trial court to grant a continuance in a situation where a party is taken by surprise by certain testimony to allow the surprised party to meet the situation, but rather that in such a turn of affairs in a trial it is error for the trial court not to have granted a motion by the aggrieved party to withdraw a juror and declare a mistrial and continue the case for reassignment.

Accordingly, it is our holding that the court below acted contrary to law and erred to the prejudice of the defendant

**6**

herein as urged in assignments of error numbers three, five, six and seven.

Therefore, the judgment is reversed and cause remanded for further proceedings according to law.

*Judgment reversed.*

WASSERMAN and SKEEL, JJ. concur.